FILED
2005 Dec-06  PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

PROB 12B
10/05

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| **Name of Offender:** | Nathaniel Booker, Jr. |
| **Case Number:** | 2:00CR00229-JHH |
| **Name of Sentencing Judicial Officer:** | Honorable James H. Hancock |
| **Date of Original Sentence:** | April 12, 2001 |
| **Original Offense:** | 21 U.S.C. §846 Conspiracy to Distribute in Excess of 50 Grams of a Mixture and Substance Containing Cocaine Base; 21 U.S.C. §841(a)(1) & (b)(1)(A) Distribution of in Excess of 50 Grams of a Mixture and Substance Containing Cocaine Base |
| **Original Sentence:** | Ninety (90) months Custody Bureau of Prisons; Sixty (60) month Term of Supervised Release with Special Conditions |
| **Type of Supervision** | Supervised Release |
| **Date Supervision Commenced:** | December 2, 2005 |

### Petitioning the Court

☐ To extend the term of supervision for years, for a total term of years.

☑ To modify the conditions of supervision as follows:

**Standard Conditions:**

# 15   The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).

# 16   Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583

**PROB 12B**

| | |
|---|---|
| 2 | **Request for Modifying the Conditions or Terms of Supervision with consent of the Offender** |

**Name of Offender: Nathaniel Booker, Jr.**                                    Case Number: 2:00CR00229-JHH

        (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

# 17    The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, under the administrative supervision of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment unless the probation officer determines that the defendant does not have the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so).

        In addition we ask the **Court to ADD** the following **Standard Condition**:

# 19    The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

**Special Condition:**

        The defendant shall participate, under the administrative supervision of the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.

**CAUSE**

The language in the original conditions has been changed based on U. S. V Heath, 419 F.3d 1312 (11th Cir. 2005).

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed On         December 6, 2005

**PROB 12B**

| | | |
|---|---|---|
| | 3 | Request for Modifying the Conditions or Terms of Supervision with consent of the Offender |

**Name of Offender:** Nathaniel Booker, Jr.             **Case Number:** 2:00CR00229-JHH

/s
Bridget A. Oakes
Senior U.S. Probation Officer

Approved by: /s
Lydia D. Carpenter
Supervising U.S. Probation Officer

**THE COURT ORDERS**

☐ No Action
☐ The Extension of Supervision as Noted Above
☒ The Modification of Conditions as Noted Above
☐ Other

James H. Hancock
Senior United States District Judge

December 6, 2005
Date